C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Paul A. Alsdorf (State Bar No. 241168)
palsdorf@fbm.com
Amber C. Chrystal (State Bar No. 260470)
achrystal@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INCORPORATED

Note changes made by the Court.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PATTY NEMETH, <br><br> Plaintiff, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INCORPORATED, <br><br> Defendants, | Case No. SACV 11-0864 JVS (RNBx) <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br> Complaint Filed: June 9, 2011 |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 1 -

26959\2819899.1

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that have not been made public and that contains trade secret, confidential, private or proprietary information and that the Designating Party in good faith believes, if disclosed, would harm its competitive position, and that otherwise qualify for protection under F.R.Civ.P. 26(c) and appellate law interpreting said Rule.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 2 -

26959\2819899.1

2.4 <u>"Highly Confidential – Attorneys' Eyes Only"</u> Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is "Confidential" Information or Items and is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 3 -

26959\2819899.1

Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates Confidential Information or items as Protected Material under this Order must take care to limit any such designation to specific material that is Confidential Information (as defined above).

If it comes to a Party's or a non-party's attention that information or items that it designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only." are in fact not Confidential Information or items, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" designation.

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies as Protected Material under this Order must be clearly marked with the words "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)
- 4 -
26959\2819899.1

1   A Party or non-party that makes original documents or materials available for
2   inspection need not designate them for as Protected Material until after the
3   inspecting Party has indicated which material it would like copied and produced.
4   During the inspection and before the designation, all of the material made available
5   for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
6   EYES ONLY." After the inspecting Party has identified the documents it wants
7   copied and produced, the Producing Party can determine which documents, or
8   portions thereof, qualify for as Protected Material under this Order, affix the
9   appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
10  ATTORNEYS' EYES ONLY") on each page that it wants treated as Protected
11  Material.

12          (b)   <u>for testimony given in deposition</u>, that the Party or non-party
13  offering or sponsoring the testimony identify, on the record and before the close of
14  the deposition all testimony it wants treated as Protected Material.  When it is
15  impractical to identify separately each portion of testimony that the designating
16  party asserts is Protected Material, and when it appears that substantial portions of
17  the testimony are Protected Material, the Party or non-party that sponsors, offers, or
18  gives the testimony may invoke on the record (before the deposition is concluded) a
19  right to have up to 20 days after receipt of the transcript to identify the specific
20  portions of the testimony that the designating party claims is Protected Material and
21  shall also specify whether the subject testimony is to be treated as
22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23  ONLY." Only those portions of the testimony that are appropriately designated for
24  protection within the 20 days of the receipt of the transcript shall be covered by the
25  provisions of this Stipulated Protective Order.

26          Transcript pages containing Protected Material must be separately bound by
27  the court reporter, who must affix to the top of each such page the legend
28  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)
- 5 -
26959\2819899.1

1  ONLY," as instructed by the Party or nonparty offering or sponsoring the witness
2  or presenting the testimony. The party designating any deposition testimony as
3  Confidential Information shall bear any costs associated with the marking and
4  separate binding of those portions of a transcript.

5        (c)  <u>for information produced in some form other than documentary,
6  and for any other tangible items</u>, that the Producing Party affix in a prominent
7  place on the exterior of the container or containers in which the information or item
8  is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
9  ATTORNEYS' EYES ONLY." If only portions of the information or item warrant
10 protection, the Producing Party, to the extent practicable, shall identify only the
11 Protected Material portions and specify for each portion whether it qualifies as
12 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

13       5.2  <u>Inadvertent Failures to Designate</u>. If a Designating Party
14 fails to designate material as "Confidential" or "Highly Confidential – Attorneys'
15 Eyes Only" when it is initially produced, it shall have 120 days following said
16 material's production (which deadline may be extended for good cause) to
17 designate said material as "Confidential" or "Highly Confidential – Attorneys' Eyes
18 Only." Such designation shall be made by serving the Receiving Party with notice
19 of the designation and, promptly thereafter, complete, legible, and accurate copies
20 of the subject material with the markings "Confidential" or "Highly Confidential –
21 Attorneys' Eyes Only." Upon receipt of notification of such designation, the
22 Receiving Party must make reasonable efforts to assure that the material is treated
23 in accordance with the provisions of this Order.

24     6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

25       6.1  <u>Timing of Challenges</u>. Unless a prompt challenge to a
26 Designating Party's confidentiality designation is necessary to avoid foreseeable
27 substantial unfairness, unnecessary economic burdens, or a later significant
28 disruption or delay of the litigation, a Party does not waive its right to challenge a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 6 -

26959\2819899.1

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation, whether to an entire document or to a portion of a document, must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party pursuant to Local Rule 37-1.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation of a document was not proper, or was not proper as to a portion of the document, and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

   6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file a discovery motion in compliance with Civil Local Rules 37-2 and 79-5, if applicable, that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

   6.4 <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

   6.5 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 7 -

26959\2819899.1

above-captioned litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

In the event a Receiving Party wishes to show any Protected Material to anyone other than a Qualified Person, the Receiving Party shall seek to informally resolve the matter through counsel. In the event that agreement cannot be reached, the party seeking to disclose the Confidential Information shall apply to the Court for relief from this Stipulated Protective Order.

6.6 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the Receiving Party, or a present or former officer, director, or employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)
- 8 -
26959\2819899.1

   (d) the Court and its personnel (under seal, unless otherwise ordered by the Court) who need not sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   (f) the author of the document or the original source of the information.

   6.7 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

   (a) the Receiving Party's House and Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) the Court and its personnel (under seal, unless otherwise ordered by the Court) and who need not sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (d) the author of the document or the original source of the information.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 9 -

26959\2819899.1

(e) employees of the party that produced the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, including presentation and use in deposition at percipient and 30(b)(6) depositions.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)
- 10 -
26959\2819899.1

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. FILING PROTECTED MATERIAL

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may in the alternative elect to destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 11 -

26959\2819899.1

day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. PRODUCTION OF PRIVILEGED DOCUMENTS OR INFORMATION

In the course of discovery in this litigation, in the event that any party produces documents or information (whether designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or not), the fact of such production itself shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the documents or information produced or to other documents or other information, however, the parties reserve the right to raise all other grounds in challenging assertions of privilege. The parties agree and acknowledge that Federal Rule of Civil Procedure 26(b)(5)(B) shall govern production of documents or information subject to a claim of privilege.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. No modification of this Order, even if stipulated, shall have the effect of a Court order until the Court approves the modification.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)
- 12 -
26959\2819899.1

      12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

      IT IS SO ORDERED,

Dated: <u>October 17, 2011</u>

_____
Robert N. Block
United States Magistrate Judge

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 13 -

26959\2819899.1

Respectfully stipulated to and submitted by,

DATED: October 13, 2011     FARELLA BRAUN + MARTEL LLP

By:/s/ C. Brandon Wisoff
   C. Brandon Wisoff

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INCORPORATED

C. Brandon Wisoff
  bwisoff@fbm.com
Paul A. Alsdorf
  palsdorf@fbm.com
Amber C. Chrystal
  achrystal@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

DATED: October 13, 2011     EPPSTEINER & FIORICA ATTORNEYS, LLP

By:/s/ Stuart M. Eppsteiner
   Stuart M. Eppsteiner

Attorneys for Plaintiff
PATTY NEMETH

Stuart M. Eppsteiner, Esq.
Andrew J. Kubik, Esq.
Zelekha Amirzada, Esq.
Eppsteiner & Fiorica Attorneys, LLP
12555 High Bluff Drive, Suite 155
San Diego, CA 92130
Telephone: (858) 350-1500
Facsimile: (858) 350-1501
Email: sme@eppsteiner.com
       ajk@eppsteiner.com
       za@eppsteiner.com

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 14 -

26959\2819899.1

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTY NEMETH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INCORPORATED,<br><br>　　　　Defendants, | Case No. SACV 11-0864 JVS (RNBx)<br><br>AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER |

　　　　I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this action (Case No. SACV 11-0864 JVS (RNBx) by the United States District Court for the Central District of California, Southern Division (hereinafter, "the Protective Order").

　　　　I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

　　　　I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

　　　　If I receive documents or information designated as Confidential Material or Highly Confidential Material, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

　　　　I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 15 -

26959\2819899.1

If I am a Sharing Attorney as defined in paragraph 13 of the Protective Order, I recognize and agree that coordination of discovery is necessary to promote judicial economy and to avoid unnecessary costs and delays to the parties to this action (Case No. SACV 11-0864 JVS (RNBx), as well as to the parties to the action(s) in which I serve as counsel.  Accordingly, I agree to use my best efforts to coordinate discovery in the action(s) in which I serve as attorney of record with this action.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is _____

My present employer is _____

Dated: _____

Signature: _____

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. SACV-11-0864 JVS (RNBx)

- 16 -

26959\2819899.1